## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **NO. CR 06-1795 RB** |
| ) | |
| **STEVE NATHANIEL JACKSON,** ) | |
| a/k/a Stevie Jackson, ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's ("Mr. Jackson's") Notice of Intent to Use Prior Statements (Doc. 42), filed on February 12, 2007. Mr. Jackson is charged with possession with intent to distribute more than 50 grams of cocaine base, more commonly known as "crack," and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. This matter is set for jury selection and trial on March 12, 2007. Mr. Jackson seeks to introduce at trial prior statements by Joseph Armstrong pursuant to Fed. R. Evid. 804(b)(3) and 807. The Government objects on the grounds that such statements are inadmissible hearsay. Having considered the arguments of counsel, relevant law, and being otherwise fully advised, I find that the statements are hearsay and are inadmissible under Fed.R.Evid. 804(b)(3) and Fed.R.Evid. 807.

**I.     Facts.**

On May 18, 2006, Mr. Jackson was arrested after officers with the New Mexico Department of Probation and Parole located him inside a residence at 208 Douglas in Hobbs, New Mexico. When he was arrested, Mr. Jackson was alone with two small children. A search of the residence revealed

over 200 grams of cocaine base, as well as drug paraphernalia and packaging materials.

On May 22, 2006, Mr. Armstrong signed an affidavit stating that Mr. Armstrong stayed at the 208 South Douglas residence on many occasions, and that the cocaine found at the residence belonged to Mr. Armstrong, not Mr. Jackson. (Gov. Ex. 1.) The affidavit was signed in the office of the attorney that represented Mr. Jackson at the time. (Gov. Ex. 2.)

On August 24, 2006, the DEA and task force agents interviewed Mr. Armstrong at a residence located at 2000 East Bond Street in Hobbs. (Gov. Ex. 2.) Mr. Armstrong admitted that he had lied, and then told the agents that the cocaine was not his and that he was only trying to "help out" Mr. Jackson. (*Id.*) Mr. Armstrong stated that he and Mr. Jackson had been friends for a long time and that Mr. Armstrong considered Mr. Jackson "to be family." (*Id.*) Mr. Armstrong further stated that he figured Mr. Jackson "would take care of him" for claiming the cocaine once Mr. Jackson got out of prison. (*Id.*) When asked what he would say if he was placed under oath in court, Mr. Armstrong stated that he would testify that the cocaine did not belong to him. (*Id.*)

The Government states that Mr. Armstrong changed his story again on October 31, 2006. On that date, when questioned by Mr. Klipstine, Mr. Jackson's current attorney, Mr. Armstrong stated in a videotaped statement that the drugs were his and that he had only told the DEA agents that they were not his because they had intimidated him. (Gov. Resp. at 2.)

Mr. Jackson has not proffered any factual allegations.

**II.    Discussion.**

The statements are hearsay in that they are out-of-court statements offered to prove the truth of the matter asserted. *See* Fed.R.Evid. 801(c). Mr. Jackson asserts that the statements are admissible under the hearsay exceptions set out in Rule 804(b)(3) and Rule 807.

Rule 804(b)(3) provides:

**Statement against interest.** A statement against interest which was at the time of its making so far contrary to the defendant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. *A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.*

Fed.R.Evid. 804(b)(3) (emphasis added).

A defendant seeking to admit hearsay evidence under Rule 804(b)(3) to exculpate himself must show (1) an unavailable declarant; (2) a statement against penal interest; and (3) sufficient corroboration to clearly indicate the trustworthiness of the statement. *United States v. Spring*, 80 F.3d 1450, 1460-61 (10th Cir.1996). "The determination of the sufficiency of such corroborating evidence lies within the sound discretion of the trial court." *United States v. Porter*, 881 F.2d 878, 883 (10th Cir.1989) (quotation omitted).

If Mr. Armstrong asserts his Fifth Amendment rights, the Government concedes that he is unavailable to testify. The statements are against Mr. Armstrong's penal interest. *See Williamson v. United States*, 512 U.S. 594, 605-06 (1994) (statement is against penal interest where it so far tends to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he believed it to be true.) The issue is whether sufficient corroborating circumstances clearly indicate the trustworthiness of the statements.

Mr. Jackson has not established any corroborating circumstances to show, let alone clearly indicate, the trustworthiness of the statements. The close relationship between Mr. Armstrong and Mr. Jackson provides a reason for Mr. Armstrong to help Mr. Jackson by fabricating a story that the

crack belonged to him.  Mr. Armstrong's belief that Mr. Jackson would "take care of" Mr. Armstrong in return for the statement further undercuts trustworthiness.

The vagueness of the statements further weighs against a finding of trustworthiness. *See Spring*, 80 F.3d at 1461 (finding vagueness of statement germane to inquiry).  The statements neither identify the date when the arrest occurred nor the circumstances surrounding how the crack claimed by Mr. Armstrong ended up in the residence at 208 South Douglas.  The statements include no identifying information concerning the crack quantity or the packaging of the crack claimed by Mr. Armstrong.  There is no way to ascertain from the statements whether the crack claimed by Mr. Armstrong was the same crack that is the subject of the charge against Mr. Jackson. In that there are insufficient corroborating circumstances to clearly indicate trustworthiness, the statements are inadmissible under Rule 804(b)(3).

Mr. Jackson submits that the statements are admissible under Rule 807, the residual hearsay exception.  Rule 807 provides that a statement with guarantees of trustworthiness may be admitted if: (1) it is evidence of a material fact; (2) is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (3) admission of the statement would serve the purposes of the rules and interests of justice.  Fed. R. Evid. 807.

The Tenth Circuit has observed that " 'an expansive interpretation of the residual exception would threaten to swallow the entirety of the hearsay rule.'"  *United States v. Lawrence*, 405 F.3d 888, 902 (10th Cir.2005) (quoting *United States v. Tome*, 61 F.3d 1446, 1452 (10th Cir.1995)).  Accordingly, Rule 807 should only be applied "in extraordinary circumstances where the court is satisfied that the evidence offers guarantees of trustworthiness and is material, probative and necessary in the interest of justice." *Id.*  This case does not present such circumstances.

In addition to having insufficient corroboration, Mr. Armstrong's statements do not necessarily exculpate Mr. Jackson. *See United States v. Perez*, 963 F.2d 314, 316 (10th Cir.1992) (affirming exclusion statement that did not necessarily exculpate the accused). Although the statements may tend to incriminate Mr. Armstrong, they do not necessarily exculpate Mr. Jackson, who is charged with knowingly possessing the crack with intent to distribute it. The fact that Mr. Armstrong may have owned the crack is not necessarily determinative of whether Mr. Jackson knowingly possessed it. The statements are neither probative nor necessary in the interest of justice. Thus, the statements are inadmissible under Rule 807.

**III.   Conclusion.**

The statements are hearsay and are inadmissible under Rule 804(b)(3) and Rule 807.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**