## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff-Respondent,**

**v.**                          **CIV 10-0713 RB/KBM**
                                   **CR  06-1795 RB**

**STEVE N. JACKSON,**

      **Defendant-Movant.**

# <u>ORDER REGARDING RULE 60(b) MOTION</u>

THIS MATTER is before the Court on Defendant Steve Jackson's *pro se* motion seeking relief under FED. R. CIV. P. 60(b)(1), (4), (6), and accompanying explanatory letter.  *See Docs. 19, 20.*  For the reasons that follow, I deny it in part, and dismiss it in part for lack of jurisdiction.

Defendant is serving the life sentence I imposed after a jury convicted him of possession with intent to distribute crack cocaine.  *See, e.g., Doc. 10* at 3, 8.  He received that sentence because of a mandatory career offender enhancement—something I took "no joy in."  *United States v. Jackson,* CR 06-1795 (Doc. 76 at 11) (sentencing transcript; court only access); *see also id.* (Doc. 76 at 4–6, 9, 11–13, 17–18).  Defendant then filed this civil action *pro se* seeking habeas relief under 28 U.S.C. §  2255.  One of his claims was that the life sentence violates the Eighth Amendment.  He also asked that the new "Fair Sentencing Act" be applied to him retroactively.  *See Doc. 10* at 24–26.

I referred the civil action to Magistrate Judge Molzen for her recommendation. *See Docs. 1, 2.* She issued proposed findings to which Defendant objected. *See Docs. 10, 11.* In those objections he again raised the argument that "100:1 crack/powder ratio constitutes cruel and unusual punishment." *Doc. 11* at 8. Because I was temporarily unavailable, District Judge Michael J. Reagan of the United States District Court for the Southern District of Illinois considered the objections to be timely, adopted the Magistrate Judge's recommendation, entered final judgment, and denied a certificate of appealability. *See Docs. 12–14.*

In a document mailed after the case concluded, Defendant filed a "supplement" to his objections. In it he again argues that the Court should "resentence him under the 18:1 ratio approved by Congress in the Fair Sentencing Act." *Doc. 15.* The docket sheet does not show that the Court considered the supplement. However, there was no reason for the Court to have done so. By the time the supplement was filed, the case was closed, the supplement raised no new issues, and the supplement was clearly fell outside the fourteen-day period for objections. *See Doc. 15* at 6 (only date appearing on supplement is that reflected on the envelope, with 2/18/11 as the mailing date).

Defendant then filed a notice of appeal. The record has been transmitted to the United States Court of Appeals for the Tenth Circuit, and it assigned the case number 11-2077. *See Docs. 16–18.*

Almost six weeks after he filed his notice of appeal, Defendant filed the instant motion under Rule 60. He principally objects to the fact that Judge Reagan participated in the case. He asserts that only the judge who presided at the criminal trial and entered sentence can conduct the 2255 proceedings. He contends that Judge Reagan's orders violate due process and are void because I did not refer the case to him as I did to the Magistrate Judge. *See Doc. 19* at 2–3. He

further asserts that because he is challenging the procedures employed in this case, his motion should not be construed as a "successive petition" under *Gonzalez v. Crosby,* 454 U.S. 524 (2005). *See Doc. 19* at 3. Nevertheless, he does request that his "2255 motion be reopen[ed]" and that he be allowed to "supplement" it, with "several other issues . . . that took place during . . . sentencing." Specifically, he wants to ask whether I "was aware that [I] could have varied from the guidelines when it came to the disparity between crack and powder cocaine in light of the fact the guidelines are advisory." *Doc. 19* at 4–5 (spelling correction supplied); *see also Doc. 20 (same).*

The Rule 60(b) sections Defendant cites in the caption of his motion allow relief for "mistake, inadvertence, surprise, or excusable neglect," or a void judgment, or "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (4), (6). Notwithstanding the notice of appeal, this Court has jurisdiction to entertain the motion. *E.g., United States v. Avalos-Vasquez,* 339 Fed. App'x 875, 878 (10th Cir. 2009) ("The district court denied the Rule 60(b) motion for lack of jurisdiction because Avalos-Vasquez's case was closed. This was error because a district court retains jurisdiction in civil cases to consider and deny a Rule 60(b) motion even after an appeal has been taken.") (citing *Blinder, Robinson & Co. v. United States SEC,* 748 F.2d 1415, 1420 (10th Cir. 1984), *cert. denied,* 471 U.S. 1125 (1985)).

A motion under subsection (4) can be brought at any time, and a court must grant relief if a judgment is void. *E.g., Sindar v. Garden,* 284 Fed. App'x 591, 594 (10th Cir. 2008) (citing *United States v. Buck,* 281 F.3d 1336, 1344 (10th Cir. 2002), and *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224 n. 8 (10th Cir. 1979)). A Rule 60(b)(1) motion for relief from mistake, etc., must be made "within a reasonable time . . . no more than a year after the entry of the judgment." FED. R. CIV. P. 60(c)(1). Like a subsection (4) motion for relief from a void judgment, a

subsection (6) motion for relief for "any other reason" has no time limitation.  However, the Tenth Circuit imposes a "reasonable time" limitation for them.  *See United States v. Cleaver,* 319 Fed. App'x 728, 731 n.2 (10th Cir. 2009) (citing *Spitznas v. Boone,* 464 F.3d 1213, 1225 (10th Cir. 2006)), *cert. denied,* 130 S. Ct. 1555 (2010).  I construe Defendant's citations to subsections (1) and (6) to be alternative bases for expressing his view that Judge Reagan's involvement was procedurally improper.  *See Sindar,* 284 Fed. App'x at 596 (construing *pro se* Rule 60 motion liberally  and discussing basis for relief under subsections (1), (4) , and(6)).  I construe his request to "supplement" as contingent upon me reopening a "void" judgment.

Thus, insofar as Defendant seeks to "reopen" and question the proceedings in light of Judge Reagan's participation, the motion "only ostensibly challenges the integrity of the § 2255 proceeding."  *United States v. Walker,* 399 Fed. App'x 409, 410 (10th Cir. 2010); *see also Spinitaz v. Boone,* 464 F.3d 1213, 1216 (10th Cir. 2006) ("Under *Gonzalez,* a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. . . .  Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition").  As such, I will consider whether relief should be granted on this basis.

Judge Reagan has authority to act as a judge in this District throughout 2011 due to an intercircuit assignment for that duration approved by the Chief Justice of the United States.  Under 28 U.S.C. § 292(d), the Chief Justice "may designate and assign temporarily any district judge of one circuit for service in another circuit."  The requisite paperwork for his assignment was approved and is on file.  *See MC 11-0004* (Doc. 1, Exh. 6).  Because Judge Reagan's

designation to serve in this District is not restricted to a particular case, he is authorized to act in any case he is asked to assist with during 2011.  Because of my temporary unavailability when the objections ripened, Judge Reagan was taking care of matters in my chambers.

My cases were not formally reassigned to Judge Reagan by the Clerk, nor did Judge Reagan typically mention that he was acting in his intercircuit capacity in the documents he filed.  *Compare United States v. Gutierrez,* CR 09-760 RB (Doc. 76; not formally reassigned, capacity not mentioned), *with, e.g., United States v. Washington,* CR 10-3160 RB (Doc. 111; not reassigned; capacity mentioned) *and Zaremba v. General Motors Corp.,* 2003 WL 22331287 at * 5 (E.D.N.Y. 2003) (judge's signature on order accompanied by phrase "Sitting by designation in the Eastern District of New York").  In light of Defendant's confusion, it may have been more prudent in retrospect for the Clerk to have done so.  However, the lack of a formal reassignment or indication of intercircuit capacity in no way invalidated his authority to act in this matter.  Thus, his actions did not violate due process and are not void.  Furthermore, I have thoroughly reviewed the record as it stood when Judge Reagan acted.  In light of the discussion during sentencing, Defendant's claims, the Magistrate Judge's comprehensive recommendations, Defendant's objections and supplement, I completely agree with the order Judge Reagan entered.

If I should have construed Defendant's statement about "supplementing" independently, then he presents a hybrid "true" Rule 60(b) and "successive" situation.  Even though the only supplemental argument he mentions largely duplicates his earlier claim, this Court has no jurisdiction to entertain it.  "A Rule 60(b) motion may be subject to the requirements for a second or successive § 2255 motion if it asserts, ***or reasserts,*** a claim of error in the movant's conviction.  *Walker,* 399 Fed. App'x 409, 410 (emphasis added) (citing *In re Lindsey,* 582 F.3d 1173, 1174–75 (10th Cir. 2009) (per curiam), which discusses *Gonzalez,* 545 U.S. at  530);

*United States v. Mazun,* 369 Fed. App'x 876, 878 (10th Cir. 2010) (2255 petitioner's Rule 60(b) motion was successive so "the district court should have either referred the matter to this court to consider whether to certify . . . or dismissed the matter for lack of subject-matter jurisdiction" and court should not have "denied" the motion); *see also, e.g., Kirby v. Attorney General For The State Of New Mexico,* CIV 08-0887 JB/DJS (Doc. 52; dismissing Rule 60 "successive" petition for lack of jurisdiction).

**IT IS THEREFORE ORDERED** that Defendant's Rule 60 motion *(Doc. 19)* is denied in part and dismissed for lack of jurisdiction in part.

_____
**ROBERT BRACK**
**UNITED STATES DISTRICT JUDGE**