IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                       CIV 10-0713 RB/KBM
                                                                                CR   06-1795 RB

STEVE N. JACKSON,

    Defendant-Movant.


## **PROPOSED FINDINGS & RECOMMENDED DISPOSITION**

      THIS MATTER is before the Court on Defendant Steve Jackson's second pro se motion to reconsider.  *See Doc. 28.*  Presiding Judge Brack's last order denying reconsideration provides in full in pertinent part:

> The Court denied habeas relief and Defendant appealed. Thereafter, I denied his pro se motion for relief under Rule 60.  He now asks the Court to reconsider the Rule 60 order, and raises arguments concerning: 1) the crack/powder cocaine disparities in operation when he was sentenced to life imprisonment; and 2) the Court's discretion to vary from the guidelines. These issues have been before the Court throughout this proceeding. *See, e.g., Doc. 21* at 1-2. I find no basis for reconsideration.

*Doc. 26* at 1 (filed June 17, 2011).

      Defendant now seeks relief under FED. R. CIV. P. 60(b)(6) and argues that the Court erred in failing to appoint him an attorney in this § 2255 proceeding.  He relies on the Supreme Court's recent decision in *Martinez v. Ryan,* ___ U.S. ___, 132 S. Ct. 1309 (2012).  In citing

*Martinez*, however, Defendant misapprehends that attorney error caused a default of his habeas claims.  That was not the case here.

Some of the issues Defendant raised in the guise of ineffective assistance of counsel were decided and rejected on direct appeal, but the Court alternatively discussed and rejected the claims on the merits.  *See Doc. 10* at 15-23.  The Court decided other arguably defaulted claims on the merits.  *See id.* at 24-26.  The Tenth Circuit denied a certificate of appealability noting these alternative holdings and for those same reasons.  *See United States v. Jackson,* 429 F. App'x 757, 761 (10th Cir.), *cert. denied,* 123 S. Ct. 600 (2011).  The *Martinez* decision does not deal with the issue of whether or when a federal habeas court must appoint counsel in a § 2255 proceeding.  It therefore does not, as Defendant contends, fall within one of the exceptions for an alternative and later triggering date for the one-year statute of limitations.  *See Doc. 28* at 9; 28 U.S.C. § 2255(f)(3).

Since the Court considered and rejected Defendant's claims on the merits, counsel was not warranted under the applicable habeas rules or binding case law.  "Defendants do not have a constitutional right to counsel when bringing a collateral attack on a conviction." *United States v. Ballieu,* No. 11-8089, 2012 WL 1655703, at *3 (10th Cir. May 11, 2012) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987)).  Counsel is not required unless an evidentiary hearing is required, and because the claims lacked merit, there was no need for an evidentiary hearing. *See, e.g., United States v. Cello,* 463 F. App'x 755, 758 n.2 (10th Cir. 2012); *United States v. Moya-Breton,* 439 F. App'x 711, 716 (10th Cir. 2011).

Wherefore,

IT IS HEREBY RECOMMENDED that Defendant's motion for reconsideration *(Doc. 28)* be denied.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE